THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. MORGAN D. RYAN, Defendant.

Third Department, July 12, 1960.

*N. Le Van Haver* for defendant.

*Bernard Tompkins, Special Assistant Attorney-General in charge Ulster County Investigation,* for plaintiff.

REYNOLDS, J. Defendant Morgan D. Ryan has been indicted for the crime of bribery in violation of section 1822 of the Penal Law of the State of New York by the regular March Grand Jury of the Supreme Court reconvened by order in Ulster County pursuant to section 244 of the Code of Criminal Procedure. The indictment was returned on August 8, 1959 and contained three counts charging Ryan with the bribing of three different public officials. Ryan now moves to dismiss the indictment upon the ground, among others, that the indictment could have been found on evidence developed from " links and leads " furnished by Ryan when he was previously improperly compelled to testify before the Grand Jury of the Extraordinary Special and Trial Term of the Supreme Court, Ulster County. In the alternative, he desires an inspection of the minutes of the Grand Jury which returned the instant indictment. The motion is made before this court as provided in section 149 of the Judiciary Law.

A prior indictment charging Ryan and one Steuding with the crime of conspiracy to pay bribes returned by the Grand Jury

of the Extraordinary Special and Trial Term of the Supreme Court, Ulster County was dismissed by this court (*People* v. *Steuding,* 7 A D 2d 566 [1959]) upon the ground that as a prospective defendant, he was improperly subpœnaed and examined before the Grand Jury which indicted him, because his constitutionally-conferred privilege against self incrimination was violated even though he did not claim or assert the privilege (N. Y. Const., art. I, § 6). The Court of Appeals affirmed (6 N Y 2d 214). At page 217 FULD, J., wrote: "An automatic result of the violation of this constitutional privilege is that the defendant is protected not only from indictment based on any incriminating testimony which he may have given, *but also from use of such evidence.*" and further at page 217: "A violation of the constitutional privilege carries with it a dismissal of the indictment returned by the Grand Jury before which the defendant testified. Whether, however, it also cloaks him with an immunity, a freedom from prosecution for the crime for which he has been indicted, is a question with which we are not now concerned. Its answer must await a case in which it is presented."

In dealing with the instant problem, it must be kept in clear focus that we are not dealing with a statute which grants absolute immunity such as section 584 of the Penal Law, as amended, and section 2447 of the Penal Law. There is no contention here even by the defendant that section 2447 had any application to him under the facts and developments in *People* v. *Steuding* (*supra*). We are concerned solely with the protection and privilege of a prospective defendant under section 6 of article I of the Constitution of the State of New York. If he is called and examined before a Grand Jury his constitutionally-conferred privilege is deemed violated even though he does not claim or assert the privilege. Such a violation of this constitutional privilege protects the defendant not only from the indictment based on any incriminating evidence, but also from the use of such evidence and carries with it a dismissal of the indictment returned by the Grand Jury before which the defendant testified. To call this "immunity" may be confusing. No constitutional provision or statute granting immunity is brought into operation, and the protection resulting from the violation of the constitutional privilege does not extend to the resubmission for consideration to another Grand Jury before which the said prospective defendant is not subpœnaed and examined (*People ex rel. Coyle* v. *Truesdell,* 259 App. Div. 282, 284; *People* v. *Bermel,* 71 Misc. 356; *People* v. *Freistadt,* 6 A D 2d 1053). This question was discussed but not decided in *People* v. *Steuding*

(*supra*). There is apparently no authority to the contrary. We are now asked to dismiss the indictment because "links and leads" obtained from his testimony before the first Grand Jury could have played a part in the return of the instant indictment. The papers on this motion provide no basis for such action. There is no factual showing that the instant indictment was found upon evidence procured from links and leads furnished by the testimony of Ryan before the Grand Jury of the Extraordinary Special and Trial Term of the Supreme Court, Ulster County. The Special Assistant Attorney-General flatly denies that Ryan furnished any link whatever in the chain of incriminating evidence and asserts that no tainted evidence, no links, no clues or leads were furnished by Ryan or used in the presentation of the case before the instant Grand Jury. Moreover it is our view that defendant's remedy is to object at the trial if it develops that tainted evidence is used or offered.

Defendant's motion to inspect the Grand Jury minutes is denied. The other points raised, that is, that the Grand Jury which found the instant indictment was an illegally constituted body has already been decided (*Matter of Ryan* v. *Supreme Court,* 9 A D 2d 846, affd. 8 N Y 2d 739). No permission or order was necessary to resubmit the charges to the March Grand Jury of Supreme Court. (Cf. *People* v. *Horvath,* 237 App. Div. 289, 291, affd. 262 N. Y. 508.)

The motion should be denied in all respects.

BERGAN, P. J., COON, GIBSON and HERLIHY, JJ., concur.

Motion, in all respects, denied.